ing on State street. A demurrer was sustained to both the original and the amended bills, and plaintiff declining further to amend, the circuit court dismissed the suit.

The suit grows out of the same facts as existed in the case of *City of Fairmont* v. *Bishop,* decided by us to-day, the only difference being the difference in location of the respective lots sought to be charged with the special tax. Defendant's lot abuts on State street between Columbia street and the cross-street called, on the northeast side Haymond street, and on the southwest side Sterling street. The bill in the present case is bad for the same reasons that we held the bill in the *Bishop Case* not sufficient to charge him on account of the frontage of that portion of his lot which abutted on State street. The principles decided in that case control this case, and the decree of the lower court will be affirmed.

*Affirmed.*

---

# CHARLESTON.

## CITY OF FAIRMONT v. HARDEN.

Submitted September 1, 1909.    Decided December 6, 1910.

MUNICIPAL ASSESSMENTS.

> Points of Syllabus in *City of Fairmont* v. *Bishop,* approved and applied.

Appeal from Circuit Court, Marion County.

Suit by the City of Fairmont against Cordelia E. Harden. Decree for defendant, and complainant appeals.

*Affirmed.*

*Harry Shaw* and *M. Earl Morgan,* for appellant.

*William S. Haymond* and *W. S. Meredith,* for appellee.

WILLIAMS, JUDGE:

This is a suit to enforce the lien of a special street paving tax assessed by the City of Fairmont on defendant's lot fronting on State street. A demurrer was sustained to both the

original and the amended bills, and plaintiff declining further to amend, the circuit court dismissed the suit.

The suit grows out of the same facts as existed in the case of *City of Fairmont* v. *Bishop,* decided by us to-day, the only difference being the difference in location of the respective lots sought to be charged with the special tax. Defendant's lot abuts on State street between Columbia street and the cross-street called, on the northeast side Haymond street, and on the southwest side Sterling street. The bill in the present case is bad for the same reasons that we held the bill in the *Bishop Case* not sufficient to charge him on account of the frontage of that portion of his lot which abutted on State street. The principles decided in that case control this case, and the decree of the lower court will be affirmed.

*Affirmed.*

---

# CHARLESTON.

## CITY OF FAIRMONT *v.* CRISS.

Submitted September 1, 1909.    Decided December 6, 1910.

MUNICIPAL ASSESSMENTS.

Points of Syllabus in *City of Fairmont* v. *Bishop,* approved and applied.

Appeal from Circuit Court, Marion County.

Bill by the City of Fairmont against Lydia Criss. Decree for defendant, and plaintiff appeals.

*Affirmed.*

*Harry Shaw* and *M. Earl Morgan,* for appellant.

*William S. Haymond* and *W. S. Meredith,* for appellee.

WILLIAMS, JUDGE:

This is a suit to enforce the lien of a special street paving tax assessed by the City of Fairmont on defendant's lot fronting on State street. A demurrer was sustained to both the original and the amended bills, and plaintiff declining further to amend, the circuit court dismissed the suit.